UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN RODRIGUEZ-MIRANDA (A-Number: 216-589-857),

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

Case No. 1:26-cv-5306-TLN-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Kevin Rodriguez-Miranda, proceeding pro se, entered the United States at an unknown time and was detained by ICE in 2025. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention is unlawful. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner entered the United States at an unknown time. ECF No. 7 at 8. On April 11, 2025, petitioner was arrested by Nevada authorities for possession and sale of narcotics. *Id*. at 36. Prosecutors charged him with several counts of possessing controlled substances, but did not charge him with selling narcotics. *Id*. at 26. While petitioner alleges that all charges have been dropped, *see* ECF No. 1 at 6, he provides no evidence supporting that allegation, and respondent has provided evidence that his criminal case remains ongoing, *see* ECF No. 7 at 25.

On August 29, 2025, petitioner was detained by ICE. *Id*. at 8. He was issued a Notice to Appear that charged him with removability on the grounds that (1) he is present in the United States without admission or parole and (2) he does not possess a valid unexpired immigrant visa. *Id*. at 11. There is no evidence that petitioner has received a bond hearing since his detention.

On January 5, 2026, petitioner was ordered removed. *Id*. at 44. Petitioner appealed the removal order, and his appeal remains pending before the Board of Immigration Appeals. *Id*. at 46. As such, petitioner's removal order is not final.

**Procedural History**

On July 10, 2026, petitioner, proceeding pro se, filed a petition for writ of habeas corpus.[1] ECF No. 1. On July 23, 2026, respondent filed a motion to dismiss the petition. ECF No. 7. Petitioner has not filed an opposition or statement of non-opposition. Because petitioner is in custody and proceeds pro se, I decline to construe his failure to file a timely opposition as a non-opposition to respondent's motion. *See* E.D. Cal. L.R. 230(c). The matter is deemed submitted. *See* ECF No. 6 at 2.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

[1] On July 13, 2026, the court referred the matter to me. ECF No. 4.

**Analysis**

Petitioner claims that his detention on the basis of his state charges is unlawful.[2] ECF No. 1 at 6. Respondent argues that petitioner's detention is mandatory under 8 U.S.C. § 1226(c). ECF No. 10 at 3. Under section 1226(c), the attorney general "shall take into custody" any noncitizen who "is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of [Title 8]." 8 U.S.C. § 1226(c)(1)(A)(ii). Section 1182(a)(2), in turn, provides that a noncitizen is inadmissible if "the consular officer or the Attorney General knows or has reason to believe" that the noncitizen "is or has been an illicit trafficker in any controlled substance[.]" 8 U.S.C. § 1182(a)(2)(C).

Respondent contends that petitioner is subject to mandatory detention because, based on petitioner's arrest and charges, "there is substantial evidence and reason to believe he is an illicit controlled substance trafficker." ECF No. 7 at 2-3. The Court of Appeals has held that, unlike with other provision of the Immigration and Nationality Act, inadmissibility under section 1182(a)(2)(C) does not require a conviction. *Alarcon-Serrano v. I.N.S.*, 220 F.3d 1116, 1119 (9th Cir. 2000). "The appropriate way of measuring whether the IJ and BIA had 'reason to believe' that [the petitioner] knew he was participating in drug trafficking is to determine whether substantial evidence supports such a conclusion. In this regard, the conclusion of the immigration judge must be affirmed if based on reasonable, substantial, and probative evidence." *Id.*

As noted, while petitioner was initially arrested on suspicion of selling narcotics, he is not charged with trafficking narcotics. *See* ECF No. 7 at 26, 36. Instead, he is charged in Nevada with two counts of possession of a controlled substance, two counts of possession of marijuana, two counts of possession of drug paraphernalia, and one count of possessing, smoking, or consuming marijuana in a public place, retail marijuana store, or a moving vehicle. *Id.* at 26. The criminal complaint alleges that petitioner possessed 11.5 grams of methamphetamine, 11.3 grams of cocaine, and 1.4 ounces of marijuana. *Id.* at 38-39. However, neither the state court docket

[2] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

nor the criminal complaint suggest that petitioner is alleged to have sold any controlled substance.

Instead, respondent bases its argument on the arrest report. An officer with the Lyon County Sherriff's Officer stated that they executed a search warrant on a vehicle with two occupants: petitioner and a John Doe.[3] ECF No. 7 at 37. The officer stated that she located "two bundles of cash wrapped in rubber bands" totaling nearly $1,600 in the pants pocket of John Doe. *Id*. The officer also found in the vehicle a digital weight scale and small bags containing controlled substances. *Id*. The officer stated that, based on her training and experience, all of these recovered items indicated the selling of narcotics. *Id*.

However, the arrest report makes no mention of petitioner specifically being suspected of selling narcotics. Indeed, the arrest report stated that the cash was found in John Doe's possession, not petitioner's. *See id*. Respondent has not provided any other evidence to support its assertion that there is "reason to believe" that petitioner has sold narcotics. Moreover, the fact that petitioner has not been charged with selling narcotics indicates that prosecutors did not find probable cause to bring such a charge in the first instance. For all of these reasons, I find that respondent has failed to provide "reasonable, substantial, and probative evidence" showing that petitioner "knew he was participating in drug trafficking." *See Alarcon-Serrano*, 220 F.3d at 1119.

Moreover, even if there were "reason to believe" that petitioner has sold narcotics, his Notice to Appear ("NTA") did not charge him with inadmissibility under section 1182(a)(2). Courts in this District have found that "the plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision." *Colmenares-Pinto v. Warden of Golden State Annex Ice Det. Facility*, No. 1:26-cv-0812 DAD SCR, 2026 WL 923804, at *2 (E.D. Cal. Apr. 6, 2026), *report and recommendation adopted*, 2026 WL 1430913 (E.D. Cal. May 21, 2026); *see also Miao v. Chestnut*, No. 1:26-cv-1271-KES-SKO (HC), 2026 WL 947020, at *2 (E.D. Cal. Apr. 8, 2026).

---

[3] The arrest report names the other occupant. To protect that individual's privacy, I refer to the other occupant as "John Doe."

The NTA must specify "[t]he nature of the proceedings against the [noncitizen]," "the legal authority under which the proceedings are conducted," and "the acts of conduct alleged to be in violation of the law." 8 U.S.C. § 1229(a)(1). In *In re Kotliar*, 24 I&N Dec. 124 (March 21, 2007), the BIA emphasized the importance of including in the NTA any ground for removal that "subjects [a noncitizen] to mandatory detention." *Id.* at 127. This is because the "charging document serves as notice to the alien of the circumstances relied on by the DHS to detain him." *Id.* "[W]here the basis for detention is not included in the charging document, the alien must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing." *Id.*

Here, petitioner's NTA charges him removability under 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without admission or parole, and under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as a noncitizen who is not in possession of a valid unexpired immigrant visa. ECF No. 7 at 11. The NTA neither states that petitioner is charged with inadmissibility under section 1182(a)(2), nor references petitioner's criminal charges. As such, the NTA does not charge petitioner, or provide him notice, of any offense giving rise to detention under section 1226(c)(1)(A).[4]

Accordingly, petitioner's detention is governed by section 1226(a), and he is entitled to the procedural safeguards afforded by that provision. Given this finding, I must determine the appropriate remedy.[5] Petitioner seeks release. ECF No. 1 at 7. Respondent does not address this issue.

---

[4] There is no evidence suggesting that the government has issued petitioner a supplemental notice or has otherwise notified petitioner of this asserted detention authority prior to the filing of respondent's motion to dismiss.

[5] Respondent argues that petitioner has not exhausted his administrative remedy of requesting a hearing pursuant to *Matter of Joseph*, 22 I. & N. Dec 799 (BIA 1999) to challenge his detention under section 1226(c). ECF No. 7 at 3. Any exhaustion requirement is waived because there is no evidence that petitioner's detention is governed by section 1226(c), much less that petitioner was previously put on notice of such detention authority and his right to request a hearing.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Moreover, where the government has erroneously applied section 1225(b) to a petitioner, courts have ordered immediate release. *See, e.g.*, *Morillo v. Albarran*, No. 1:25-cv-1533-DJC-AC, 2025 WL 3190899, at *5 (E.D. Cal. Nov. 15, 2025). In *Feng v. Lyons*, the court held that a delay "in providing the statutorily mandated bond hearing violates [a petitioner's] due process rights" and found that the "[p]rovision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right." No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (citations omitted).

Here, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for petitioner's detention. *See Munaf*, 553 U.S. at 693. Petitioner was detained approximately thirteen months ago, and the government has failed to provide the statutory protections to which he is entitled. Petitioner's due process rights have been violated such that the provision of a bond hearing is constitutionally insufficient. *See Feng*, 2026 WL 472635, at *1.

While petitioner has been charged with serious offenses, he has not been charged with trafficking narcotics, he has not been convicted of any offense, and there is no evidence that he previously has been convicted of a crime. The pending charges, standing alone, cannot be said to justify the provision of a bond hearing as adequate relief for thirteen months of unlawful detention without statutory procedural protections. Under these circumstances, I join other courts in finding release appropriate where the NTA fails to charge a petitioner with inadmissibility under section 1182(a)(2). *See Carlos Ramirez Martinez v. Warden*, No. 1:26-cv-4401-KES-EPG-HC, 2026 WL 2740656, at *4 (E.D. Cal. Sept. 16, 2026); *S.G. v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-3322-TLN-JDP, 2026 WL 2475525, at *5 (E.D. Cal. Aug. 24, 2026).

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 216-589-857) from its custody. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. This order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. Respondent's motion to dismiss, ECF No. 7, be DENIED.

4. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

5. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 29, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE